UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SPENCER, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:21-1773 |
| v. | : | (JUDGE MANNION) |
| | : | |
| HERMAND QUAY, | | |
| | : | |
| Respondent | | |

## MEMORANDUM

Petitioner, James Spencer, an inmate confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The filing fee has been paid. (Doc. 5). Petitioner challenges his sentence of life imprisonment plus 15 years of incarceration to run concurrently and a 5-year term of incarceration to run consecutively to any other sentence imposed by the United States District Court for the Eastern District of Pennsylvania in 1996. (Doc. 1). For the reasons that follow, the petition will be dismissed as moot.

I. **Background**

On May 30, 1996, a jury of Spencer's peers returned a verdict of guilty for 10-Counts of interference with commerce by threat or violence (in violation of 18 USC §1951); 1-Count of use of a firearm during a crime of violence (in violation of 18 USC §924(c); and 1-Count of felon in possession of firearm (in violation of 18 USC §922(g)(1), §924(e))(1 Count). United States v. Spencer, No. 2:95-CR-659 (E.D. of PA), Criminal Docket at Docs. 43-46.

On October 3, 1996, Spencer was sentenced in the Eastern District of Pennsylvania to a life sentence for Counts 1, 3-9, 19, 11; concurrently with a 15-year term of incarceration for Count 12; and, a 5-year term of incarceration for Count 2 to run consecutively to any other sentence. Spencer, at Docs. 60-61.

On October 9, 1996, Spencer appealed his sentence which was affirmed on August 7, 1998. Spencer, at Doc. 70.

On July 16, 1999, Spencer filed his first §2255 petition to vacate, set aside or correct sentence. Spencer, at Doc. 71. Spencer first argued ineffectiveness of counsel which led to a guilty verdict at his trial. Id. Spencer furthered his claims by relying on the Supreme Court decision in the United States v. Robertson, 514 U.S. ___, 131 L.Ed2d 714, 115 S. Ct. 1732 (1995)

and asserted that his counsel, the Court, and the prosecutor should have realized that the indictment was deficient and should have been dismissed under Rule 12(b)(2) of the Federal Rules of Criminal Procedures. Id.

On March 16, 2000, the Court denied Spencer's §2255 petition and "further ordered that a certificate of appealability is not granted." Spencer, at Doc. 73.

On April 10, 2000, Spencer motioned the Third Circuit Court of Appeals for a certificate of appealability which was denied on March 7, 2001. Spencer, at Docs. 74, 76.

On July 20, 2006, Spencer filed an independent action pursuant to Rule 60(b) of the Federal Rules of Civil Procedure's Savings Clause. See: Spencer, at Doc. 77. Spencer reargued his ineffectiveness of counsel and raised the claim of "actual innocents" (sic) citing to Strickland v. Washington, 466 U.S. 668 (1984) and United States v. Cronic, 466 U.S. 648 (1984). Id. at 10 of 13.

On June 27, 2007, the court denied Spencer's independent motion "because it is plain upon review of his submissions and the record in the case that his claims are without merit." Spencer, at Doc. 80.

On July 13, 2007, Spencer filed a motion for reconsideration of the court's order which was denied on July 20, 2007. Spencer, at Docs. 81-82.

On August 6, 2007, Spencer filed an application for certificate of appealability which was denied on August 31, 2007. Spencer, at Docs. 83, 88.

On August 6, 2007, Spencer filed a notice of appeal with the Third Circuit Court of Appeals which was denied on April 14, 2008. Spencer, at Docs. 85, 90.

Since April 14, 2008, Spencer has filed five motions and appeals all attacking his sentence through motion for reconsideration, motion for additional findings of fact, motion for clerical errors to be corrected, all of which were denied. Spencer, at Docs. 91-111.

On June 18, 2016, Spencer filed a successive §2255 motion to vacate. The Third Circuit Court of Appeals granted his application to file on October 21, 2016. Spencer, at Docs. 113-114. On October 11, 2017, the Honorable Petrese B. Tucker stayed Spencer's successive §2255 to allow the Federal Defender's Office time to file supplements based on Johnson v. United States, 135 S. Ct. 2551 (2015). Spencer, at Doc. 116.

On October 18, 2021, Spencer filed the instant habeas petition, challenging his life sentence. (Doc. 1). Spencer claims that his prior conviction of three counts of armed robbery were incorrectly applied which led to a higher and "illegal" sentence. Id. For relief, Petitioner "asks that his

sentence be vacated, and he be resentenced immediately absent the ACCA enhancements." Id.

By Order dated October 31, 2022, the United States District Court for the Eastern District of Pennsylvania granted Spencer's stayed §2255 motion, and vacated Spencer's sentence following the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 129 S.Ct. 2319 (2019), finding that "Spencer is no longer subject to a mandatory life sentence under the three-strikes statute and should be resentenced." Spencer, at Doc. 172.

II. **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990); Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005) (citing Lane v. Williams, 455 U.S. 624, 631 (1982)). In the present case, the habeas petition challenges Petitioner's life sentence. (Doc. 1). Since the filing of the petition, Petitioner life sentence has been vacated and he has been

- 5 -

scheduled to be resentenced, the very same relief, Petitioner requests in the instant action. Petitioner, therefore, has received the relief he seeks in his §2241 petition, and there is nothing more for this Court to remedy. See Spencer v. Kenma, 523 U.S. 1, 18 ("Mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."). Accordingly, the instant habeas corpus petition will be dismissed as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminated a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

### III.   Conclusion

For the foregoing reasons, Spencer's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed as moot.

An appropriate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 6, 2023**
21-1773-01